UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                      **ORDER**

STANLEY OLEJNICZAK,                 1:15-CR-00142 EAW

           Defendant.

---

Pending before the Court is a motion filed by defendant Stanley Olejniczak (hereinafter "Defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 1883). The Government opposes Defendant's motion. (Dkt. 1888).

The compassionate release statute, as amended by the First Step Act, provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A). This Court has concluded that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule, not a jurisdictional prerequisite. *United States v. Wen*, No. 6:17-CV-06173, __ F. Supp. 3d __, 2020 WL 1845104, at *5 (W.D.N.Y. Apr. 13, 2020). However, while thoughtful and reasonable jurists have reached differing

conclusions, this Court has concluded that it may not excuse a defendant's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement based on futility or prejudice. *See United States v. McIndoo*, __ F. Supp. 3d __, 2020 WL 2201970 (W.D.N.Y. May 6, 2020).

The Government may waive this exhaustion requirement and it has done so in other cases, both within and outside this Circuit, including in this District. *See, e.g.*, *United States v. Pinkerton*, No. 15-cr-30045, 2020 WL 2083968, at *1 (C.D. Ill. Apr. 30, 2020); *United States v. Park*, No. 16 cr. 473 (RA), Dkt. 73 at 3 (S.D.N.Y. Apr. 24, 2020); *United States v. Thorson*, No. 5:16-CR-00017-TBR, 2020 WL 1978385, at *2 (W.D. Ky. Apr. 24, 2020); *United States v. Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1916773, at *5 (D. Conn. Apr. 20, 2020); *United States v. Jason Haynes*, Case No. 6:18-CR-6015, Dkt. 271 at 1 (W.D.N.Y. Apr. 14, 2020); *United States v. Knox*, No. 15-cr-445 (PAE), Dkt. 1088 at 1 (S.D.N.Y. Apr. 10, 2020); *United States v. Gentille*, No. 19-cr-590 (KPF), Dkt. 34 at 8 (S.D.N.Y. Apr. 9, 2020); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2 (S.D.N.Y. Apr. 6, 2020); *United States v. Jespen*, No. 19-cr-73 (VLB), Dkt. 41 at 1 (D. Conn. Apr. 1, 2020); *United States v. Marin*, No. 15-cr-252-8 PKC, Dkt. 1326 (E.D.N.Y. Mar. 30, 2020); *United States v. Powell*, No. 94-cr-316 (ESH), Dkt. 98 at 1 (D.D.C. Mar. 28, 2020); Notice of Joint Submission by USA, *United States v. Doostdar*, No. 18-cr-255 (PLF), Dkt. 129 at 2 n.1 (D.D.C. Apr. 3, 2020). However, for the sake of "uniformity" (Dkt. 1888 at 26 n.14), the Government refuses to waive any objection to the exhaustion requirement in this case.

Both Defendant and the Government appear to agree that Defendant, through his counsel, submitted a request for compassionate release to the warden of the Bureau of

Prisons ("BOP") facility where he is housed on April 29, 2020, and the request was received on that date. (Dkt. 1883-2; Dkt. 1888 at 2). Accordingly, pursuant to the express terms of the statute, on May 29, 2020 (if not earlier, in the event that Defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf"), this Court will be authorized to reach the merits of Defendant's motion.

Accordingly, the parties may file any supplemental papers in support of their respective positions <u>on or before May 28, 2020</u>, including any updates concerning Defendant's efforts to obtain compassionate release through a direct application to the BOP and the status of Defendant's efforts to fully exhaust all administrative rights to appeal a failure of the BOP to bring a motion on Defendant's behalf. As of May 29, 2020, Defendant's motion will be deemed submitted and taken under advisement by the Court without oral argument.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:     May 12, 2020
           Rochester, New York